IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY CRANFORD,

    Plaintiff,

v.

WARDEN ROBERT L. AYERS, et al.,

    Defendants.
_____/

No. C 09-03254 SBA (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a former state prisoner who was previously incarcerated at San Quentin State Prison (SQSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. He alleges that SQSP prison officials used excessive force against him and were deliberately indifferent to his serious medical needs while he was incarcerated there in 2007.

His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SQSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

On September 6, 2007, Plaintiff filed a previous civil rights action, Case No. C 07-4611 SBA (PR), alleging the same claims as in the present action. (Compl. at 12.) Plaintiff conceded in his previous complaint that he did not exhaust his administrative remedies. Therefore, the Court dismissed his previous action without prejudice to re-file after he properly exhausted.

Plaintiff filed the present complaint and alleges that he properly exhausted his administrative remedies as to all his claims, which are discussed below. (Id. at 2.) In his complaint, Plaintiff names the following Defendants: SQSP Warden Robert L. Ayers; Lieutenant Footman, Sergeant R. Cannon, Medical Sergeant Leola, Correctional Officers K. Davis, D. Stokley, and R. Broyles; and Doe Defendants.[1] Plaintiff seeks monetary damages and injunctive relief.

---

[1] Plaintiff lists the "California Department of Corrections an[d] Rehabilitation" under section II(B) of the complaint. (Compl. at 2.) The Court presumes that Plaintiff did not intend to name the CDCR as a Defendant because he clearly lists the named Defendants under a section he labeled "Parties" and he omits the CDCR from this section. (Compl. at 3.) Plaintiff also lists under the section labeled "Parties" the following Defendants: "Et Al. other employees to be listed." (Id.) The Court construes these Defendants to be Doe Defendants.

# DISCUSSION

## I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Legal Claims

### A. Excessive Force Claim

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Plaintiff alleges that on June 12, 2007, he was subjected to excessive force by Defendant Stokley. Specifically, Plaintiff alleges that at 6:30 AM, a west block officer left his cell unlocked after removing another inmate. (Compl. at 4.) Plaintiff left his cell and "went to back of west block by stairs to see if there was any work [he] could ask Officer K. Davis [he] could do." (Id.) While Plaintiff waited on the second tier landing, Defendant Stokley inquired as to why was out of his cell, and Plaintiff gave the aforementioned reason. (Id.) Then, Plaintiff asked Defendant Stokley if he could return to his cell. (Id.) Defendant Stokley denied Plaintiff's request and escorted him to the Sergeant's office. (Id.) Plaintiff claims he "walk[ed] in and stood by left wall." (Id.) Plaintiff then alleges that, "Stokley punched [him] with a closed fist without saying a word, twice in the right side

United States District Court
For the Northern District of California

of [his] head splitting [his] upper denture down the middle." (Id.)  Plaintiff further states, "I went down to the floor to keep from getting punched any further and D. Stokley started kicking me in my right side." (Id. at 5.)  Plaintiff sustained injuries as a result of this incident, including "sereous [sic] pain in [his] right side and [his] dentures were split down the middle." (Id.)

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment excessive force claim against Defendant Stokley.

### B.  Deliberate Indifference Claim

Plaintiff's allegations also state a claim for deliberate indifference to his serious medical needs.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle v. Gamble, 429 U.S. at 104).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff states that he suffered from injuries from the alleged excessive force incident involving Defendant Stokley, including pain in his right side and broken dentures. (Compl. at 5.)  He further alleges Defendants Cannon, Davis and Leola refused to provide Plaintiff with proper medical treatment for his injuries for six days by not completing paperwork and cancelling his doctor appointments. (Id. at 6-7, 10.)  Accordingly, Plaintiff has adequately pled a cognizable claim against Defendants Cannon, Davis and Leola for deliberate indifference to his medical needs.

### C.  Due Process Claim

Mere violations of state law cannot be made into constitutional claims simply by labeling

3

them "due process violations." See Longford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (habeas; petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process"). In the context of prison living conditions, prisoners must be afforded due process before being placed in unfavorable living situations -- such as "property deprivation"-- only if the deprivation of "real substance." Sandin v. Conner, 515 U.S. 472, 484 (1995). Deprivations are of real substance only if (1) the restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," ibid., or (2) the state action "will inevitably affect the duration of [a] sentence," id. at 487. In short, in order to make a due process claim a plaintiff must allege facts that, if proved, would show that conditions in "property deprivation" status constitute an atypical and substantial hardship, and he must say what each defendant actually did that violated his rights.

Plaintiff alleges that another inmate was placed in his cell from June 10, 2007 until June 12, 2007. (Compl. at 3.) He also alleges that he has been in a "single cell for past years." (Id.) He claims the placement of a another inmate in his cell without a "reclassification process" violated his due process rights. (Id.) The Court finds no merit to his conclusory allegations. Moreover, Plaintiff has failed to allege facts, that if proved, would show that having a cell mate from June 10, 2007 until June 12, 2007 imposed an atypical and significant hardship. Therefore, Plaintiff's allegations relating to being double-celled fail to state a cognizable claim for relief, and his due process claim is DISMISSED.

### III. Defendants

#### A. Claim Against Doe Defendants

Plaintiff identifies Doe Defendants whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against Doe Defendants are DISMISSED without prejudice. Should Plaintiff learn Doe Defendants' identities through

4

discovery, he may move to file an amended complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### B. Claim Against Defendant Broyles

In the section of the complaint form where Plaintiff is asked to list the names of all Defendants, he identifies Defendant Broyles. (Compl. at 3.) However, Defendant Broyles is not linked specifically to the allegations in the body of the complaint.

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer, 844 F.2d at 634.

Plaintiff has not linked Defendant Broyles to his claims, therefore, no claim for damages can proceed against Defendant Broyles unless Plaintiff amends his claim to cure this pleading deficiency. Accordingly, Plaintiff's claim against Defendant Broyles is DISMISSED with leave to amend.

### C. Claims Against Defendants Ayers and Footman

Plaintiff bases his claims against Defendants Ayers and Footman on an overall responsibility that they ensure that SQSP employees are not deliberately indifferent to the safety of inmates. However, Defendants Ayers and Footman are not linked specifically to the allegations in the body of the complaint.

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful

conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

Because Plaintiff has not linked Defendants Ayers and Footman to his claims, no claim for damages can proceed against them unless Plaintiff amends his complaint to cure this pleading deficiency. Accordingly, Plaintiff's supervisory liability claims against Defendants Ayers and Footman are DISMISSED with leave to amend. Plaintiff may file an amendment to the complaint alleging supervisory liability under the standards explained above.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for the use of excessive force against Defendant Stokley and for deliberate indifference to serious medical needs against Defendants Cannon, Davis and Leola.

2. Plaintiff's due process claim is DISMISSED for failure to state a claim.

3. The claims against the Doe Defendants are DISMISSED without prejudice.

4. Plaintiff's claim against Defendant Broyles is DISMISSED with leave to amend as indicated above.

5. Plaintiff's supervisory liability claims against Defendants Ayers and Footman are DISMISSED with leave to amend as indicated above.

6. Within **thirty (30) days** of the date of this Order Plaintiff may file an amended claim against Defendant Broyles as set forth above in Section III(B) of this Order and amended supervisory liability claims against Defendants Ayers and Footman as set forth above in Section III(C) of this Order. (Plaintiff shall resubmit only those claims and not the entire complaint.) The amended claims must be submitted on an amendment to the complaint. It must include the caption

as well as the civil case number of this action (C 09-3254 SBA (PR)) and the words AMENDMENT TO THE COMPLAINT on the first page.  Failure to do so will result in the dismissal without prejudice of any claim against Defendant Broyles and of the supervisory liability claims against Defendants Ayers and Footman.

      7.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 4) and a copy of this Order to **SQSP Sergeant R. Cannon, Medical Sergeant Leola, and Correctional Officers K. Davis and D. Stokley.**  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

      8.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      9.     Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

          a.     No later than **ninety (90) days** from the date their answer is due, Defendants

shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his

complaint.

    c. If Defendants wish to file a reply brief, they shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  10. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  11. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  12. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

  13. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

  IT IS SO ORDERED.

DATED: 12/9/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TERRY CRAWFORD,

        Plaintiff,

v.

CA DEPT OF CORRECTIONS et al,

        Defendant.

Case Number: CV09-03254 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Terry D. Cranford
600 Morgan Street
Santa Rosa, CA 95403

Dated: December 10, 2010

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Cranford3254.service.wpd    10